# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v<br><br>YEZAIDA REYES-CARRILLO,<br>*Defendant*. | CRIMINAL NO. 17-591 (ADC) |

## SENTENCING MEMORANDUM

TO THE HONORABLE AIDA DELGADO-COLON
UNITED STATES JUDGE
FOR THE DISTRICT OF PUERTO RICO

**The PSR in this case states the basic facts as to Yezaida Reyes Carrillo. What it does not state is her essence, as a person, as a mother, as a woman.**

A mule, yet she faces a statutory minimum because the local U.S. Attorney's office decided not to offer pleas to mules. Never mind that the statutory limits that now have to be applied by the Court were meant for the big drug dealers. Sending Yezaida to jail for 10 years will cure the problem.

She is as much a victim as the people of Puerto Rico are victims to the drug epidemic that blankets the island.

In a moment of haste, she caved in and agreed to transport drugs. After years of rejecting offers for easy money, after years of trying to be the example she wants to be for her daughter, after a betrayal by her partner, she failed herself, and she agreed to do the deed. Now she will be punished no differently than the owner of the drugs. She was also desperate in the aftermath of Hurricane Maria. None of this is a defense, but simply an explanation. An explanation that has inflated consequences. Inflated because the penalty does not fit the criminality involved here.

Remorse is an easy word. She is remorseful for her actions. She is in panic as to what happens now to her daughter. Who will protect her? Who will teach her not to make the same mistakes her mother made? Her daughter is 4 years old. Assuming the statutory minimum of 10 years as a sentence, that is approximately eight and a half years in jail. Her daughter will be 12-13 years old, and she would not have raised her. What will she meet when she gets back?

I know. She should have thought about it before she transported drugs. Yet, as she explained, her mind was not there, her desperation was there. She made a costly mistake. She will pay the price as any other person would.

**GUIDELINES:**

The Guidelines are calculated at paragraphs 18 through 27. I think she should be a minimal participant, not a minor participant so that her guideline level would be further reduced for a total of 23. Her CHC is 1. Her Guideline should be 46-57 month.

Yet, it has to be 10 years. For a mule.

**STATUTORY MINIMUM:**

Ten Years.

It does not matter if it is fair or not. It is the law!

But this law was not made for this defendant. This law was made for the hardened drug dealers, not for a first time offender. Not for a one time participant.

The **Eighth Amendment's**[1] cruel and unusual punishments clause does bar mandatory capital punishment, and apparently bans any term of imprisonment that is grossly disproportionate to the seriousness of the crime for which it is imposed. We submit that as applied here, a sentence at the statutory minimum is cruel, and unusual punishment. Why? Proportionality, the sentence required by

---

[1] Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

statute here is grossly disproportionate to the criminal conduct involved for this particular defendant. Further, it does not further any of the requirements if 18 U.S.C. 3553 due to the harshness of the penalty. Some argue that the 8th Amendment only refers to capital punishment. A cursory reading show it encompasses more.

In Weems v.United States, 217 U.S. 349(1910), it was concluded that the framers had not merely intended to bar the reinstitution of procedures and techniques condemned in 1789, but had intended to prevent the authorization of a coercive cruelty being exercised through other forms of punishment. The Amendment therefore was of an expansive and vital character and, in the words of a later Court, "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Weems, P. 368: "What constitutes a cruel and unusual punishment has not been exactly decided. It has been said that, ordinarily, the terms imply something inhuman and barbarous -- torture and the like. The court, however, in that case, conceded the possibility that punishment in the state prison for a long term of years might be so disproportionate to the offense as to constitute a cruel and unusual punishment." (Citations and internal quotations removed).
Weems, P. 369: "No cruel and unusual punishment is to be inflicted; it is sometimes necessary to hang a man, villains often deserve whipping, and perhaps having their ears cut off; but are we, **in future**, to be prevented from inflicting these punishments because they are cruel? If a more **lenient mode** of correcting vice and deterring others from the commission of it could be invented, it would be very prudent in the legislature to adopt it; but until we have some security that this will be done, we ought not to be restrained from making necessary laws by any declaration of this kind."

The movement for a reduction in statutory minimums; the realization of the failure of said system to provide the desired deterrence; the availability of more lenient modes of punishment (specifically for someone like Mrs. Reyes Carrillo), all show the cruelness of the required sentence in this case. Required but not justified for this defendant.

**SAFETY VALVE/COOPERATION:**

Some would say that the answer to the problem is that she cooperate or safety valve. It is not an option. She has been run out of her apartment by the "neighbors" because she got bail and a similarly situated person did not get bail. She has been confronted and threatened. She will be required to produce "her papers" to make sure that she did not cooperate/safety valve. The government cannot protect her. They cannot protect her daughter, or her daughter's father. They cannot protect her family.

The option is not available and she must pay the penalty as she is hard working but poor. She cannot afford to move her family. She tried to move out under Federal Housing Section 8. The wait is calculated in years.

She cannot take the chance, not with her daughters life at stake, her mother's, her family.

**HER ESSENCE, AS A PERSON, AS A MOTHER, AS A WOMAN**

Tough life but working hard, trying to improve herself for her and her daughter's future. Betrayed by her partner. Dedicated mother scared about her daughter's future while she languishes in jail. Her sister has mental health problems and cannot take care of her daughter. The father is helpful, on a part time basis. Mother and siblings have drug issues.

Now, her worries are not about herself, just about her daughter. Then she worries about others before her. She could do whatever necessary to get out from under this case, but at what cost. The pressure is intense, and no one can guarantee her daughter's safety.

She accepts her mistake/crime. She recognizes the need to pay for it. Are we better off if she is in jail for 10 years than if she is in jail 5 years. After all, she will be on probation after that and we can monitor her progress.

**WHEREFORE**, it is respectfully requested that the Court find that the statutory minimum, as applied in this particular case is "cruel and unusual punishment". A sentence within the guideline range would be reasonable and not excessive, but most importantly, it would be proportionate to her

actions.

I HEREBY CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of September, 2018.

**ERIC A. VOS**
**Federal Public Defender**
**District of Puerto Rico**


*S/Víctor González-Bothwell*
**VICTOR GONZALEZ-BOTHWELL**
**USDC-PR 219707**
**A.F.P.D. for Defendant**
**241 Franklin D. Roosevelt Avenue**
**Hato Rey, PR 00918-2441**
**Tel. (787) 281-4922 / Fax (787) 281-4899**
**E-mail :** Víctor González@fd.org

https://www.washingtonpost.com/posteverything/wp/2017/05/15/mandatory-minimum-sentences-are-cruel-and-ineffective-sessions-wants-them-back/